**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


**JOE CRAIG JONES**                                               **PETITIONER**


**VS.**                          **CASE NO. 5:07CV00052 JLH/HDY**


**LARRY NORRIS, Director of the
Arkansas Department of Correction**                          **RESPONDENT**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the petition, as amended, for writ of habeas corpus of Joe Craig Jones.  Mr. Jones is an inmate in the custody of the Arkansas Department of Correction (ADC), having been found guilty of commercial burglary following a 2006 jury trial in the Circuit Court of Pulaski County.  Petitioner was deemed an habitual offender and received a sentence of 180 months for the conviction.  Mr. Jones appealed his convictions, raising as his sole ground for relief that the trial court erred in allowing the prosecution to use petitioner's statement at trial.  The Arkansas Court of Appeals affirmed the conviction.  *Jones v. State*, CACR-06-673 (Ark. App. Jan. 31, 2007).  Mr. Jones did not subsequently file a petition for Rule 37 relief in state court.

In his petition, as amended, Mr. Jones advances two claims for relief:

2

1.    His statement made to police officers should have been suppressed by the trial court; and

2.    He was charged and convicted of two different crimes on two different dates.

The respondent contends that ground two is not properly before this Court due to the petitioner's failure to adequately raise the ground in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.  By previous Order, Mr. Jones was notified that dismissal of ground two was possible due to the apparent procedural default.  Mr. Jones was also notified of his opportunity to explain why the ground should not be dismissed, and he has taken advantage of this opportunity, filing an explanatory pleading.  We will first consider whether ground two is properly before the Court, then turn to ground one.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34.  However, one can discern from these cases several circumstances in

3

which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.  In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

In his explanatory pleading (docket entry no. 8), Mr. Jones simply reiterates his argument that he was charged and convicted of two different crimes on two different dates.  He fails to address why this argument was not pursued in state court.  In addition, he does not offer any new, reliable evidence to suggest his actual innocence to the charges.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The petitioner raised only one claim on direct appeal and did not seek Arkansas Rule 37 relief.  Therefore, it is clear that ground two was not advanced in any state forum.  He offers no reason why the claim was not litigated in state court, nor is any reason apparent from the record before the Court.  The unexcused failure to pursue this ground in state court means that the ground is not properly before this Court, and we recommend that the ground be dismissed as procedurally barred.

We now address the first claim advanced by Mr. Jones – His statement made to police officers should have been suppressed by the trial court.  In the context of habeas corpus litigation, any inquiry into a Fourth Amendment issue has been severely limited by the Supreme Court decision in *Stone v. Powell*, 428 U.S. 465 (1976).  This case holds that the Constitution does not require that

a state prisoner be granted federal habeas corpus relief on his Fourth Amendment claim if the state has provided an opportunity for the full and fair litigation of this claim. *See also Lee v. Lockhart*, 754 F.2d 277 (8th Cir. 1985). "It is the existence of state processes allowing an opportunity for full and fair litigation of a fourth amendment claim, rather than a defendant's use of those procedures, that bars federal habeas corpus consideration of such claims." *Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir. 1981). The Eighth Circuit Court of Appeals has specifically considered what it means for the state to afford a petitioner the opportunity for full and fair litigation of his Fourth Amendment claim. A two part test has been adopted. "Under this test, a Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, at 1273 (8th Cir. 1994). Both *Willett* and subsequent cases clearly state that claims are barred by *Stone* even where the state court erred in deciding the legal merits of the claim. 37 F.3d at 1268. *See also, Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997); *Bunn v. Norris*, 2007 WL 1188286, (E.D. Ark., April 20, 2007).

In this instance, the petitioner challenged the statement at the trial court by filing a motion to suppress the statement. An evidentiary hearing was conducted on this motion on February 3, 2006. The petitioner and his mother testified in his behalf at the hearing, and detectives Mark and Eric Knowles testified for the prosecution. See Respondent's Exhibit D to the Response to Petition for Writ of Habeas Corpus. The trial court ruled against the petitioner, and allowed the statement to be admitted. On direct appeal, the petitioner's sole ground for relief was that the trial court erred in admitting the statement. The Arkansas Court of Appeals thoroughly addressed the issue and

affirmed the trial court.  See Respondent's Exhibit C to the Response to Petition for Writ of Habeas Corpus.  The record is clear that the state provided a procedure by which the petitioner could raise his Fourth Amendment claim.  The procedure was not only available – the petitioner actually utilized the procedure, raising his Fourth Amendment claim with both the trial and appellate court.  Under *Stone v. Powell*, the claim is not properly before this Court, and we recommend dismissal of the claim on the basis of *Stone v. Powell* and its progeny.

In summary, for the reasons stated herein, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this  27   day of August, 2007.

_____

UNITED STATES MAGISTRATE JUDGE